FILED
CLERK, U.S. DISTRICT COURT

APR - 3 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE CURIEL,                          )    NO. CV 07-2008-AHM(E)
                                      )
                Petitioner,           )
                                      )
        v.                            )    ORDER ADOPTING FINDINGS,
                                      )
TOM FLEKER, Warden,                   )    CONCLUSIONS AND RECOMMENDATIONS
                                      )
                Respondent.           )    OF UNITED STATES MAGISTRATE JUDGE
                                      )
_____  )


        Pursuant to 28 U.S.C. § 636, the Court has reviewed the

Petition, all of the records herein and the attached Report and

Recommendation of United States Magistrate Judge.  The Court approves

and adopts the Magistrate Judge's Report and Recommendation.


        IT IS ORDERED that: (1) Petitioner's application for a stay

is denied as moot; and (2) the Petition is denied and dismissed with

prejudice.

///          Petitioner's conclusory objections are unpersuasive. AHM

///

///

1    IT IS FURTHER ORDERED that the Clerk serve copies of this

2  Order, the Magistrate Judge's Report and Recommendation and the

3  Judgment herein by United States mail on Petitioner, counsel for

4  Petitioner, and counsel for Respondent.

5

6    LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8    DATED: _____April 2_____, ~~2007~~. 2008.

9

10

11    _____

12    A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

AUG 10 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA**

10

11   JOSE CURIEL,                    ) NO. CV 07-2008-AHM(E)
                                     )
12              Petitioner,          )
                                     )
13        v.                         ) REPORT AND RECOMMENDATION OF
                                     )
14   TOM FLEKER, Warden,             ) UNITED STATES MAGISTRATE JUDGE
                                     )
15              Respondent.          )
     _____)
16

17        This Report and Recommendation is submitted to the Honorable

18   A. Howard Matz, United States District Judge, pursuant to 28 U.S.C.

19   section 636 and General Order 05-07 of the United States District

20   Court for the Central District of California.

21

22                              **PROCEEDINGS**

23

24        Petitioner, a state prisoner incarcerated at the High Desert

25   State Prison, filed a "Petition for Writ of Habeas Corpus By a Person

26   in State Custody" on March 27, 2007 ("Petition").  The Petition

27   contains three claims for relief: (1) the trial court assertedly

28   admitted hearsay in violation of Petitioner's rights under the

1  Confrontation Clause and the Due Process Clause; (2) the evidence

2  assertedly was insufficient to support the verdicts; and (3)

3  Petitioner's appellate counsel assertedly rendered ineffective

4  assistance by allegedly: (a) abandoning Petitioner during the

5  appellate process; (b) failing to notify Petitioner of the Court of

6  Appeal's disposition; and (c) failing to file a petition for review

7  and to notify Petitioner "of his right to do so to properly exhaust

8  his federal issues" (Petition, pp. 5-6).

9

10      Also on March 27, 2007, Petitioner filed an "Application to Stay

11  Proceeding Pending Exhaustion of State Court Remedies" ("Application

12  for a Stay"), accompanied by a Memorandum of Points and Authorities

13  and a Declaration of Petitioner's counsel, Tara K. Allen.  Petitioner

14  sought a stay pending the disposition of Petitioner's then-pending

15  habeas corpus petition in the California Supreme Court.

16

17      Respondent filed an Answer and Response to the Application for a

18  Stay on June 15, 2007, asserting that the Petition is untimely and

19  that a stay is inappropriate.  Petitioner filed a Reply on July 30,

20  2007, contending that the Petition is timely and also asserting that

21  Petitioner's application for a stay is moot because the California

22  Supreme Court denied Petitioner's habeas corpus petition on July 18,

23  2007.

24

25                           **BACKGROUND**

26

27      A jury found Petitioner guilty of first degree murder, and found

28  true criminal street gang and firearm enhancement allegations

                                   2

1  (Respondent's Lodgment A).   Petitioner received a sentence of fifty

2  years to life (id.).

3

4       On January 10, 2006, the California Court of Appeal issued an

5  unpublished opinion affirming the judgment (Respondent's Lodgment E;

6  People v. Curiel, 2006 WL 44454 (Cal. Ct. App. Jan. 10, 2006).

7  Petitioner did not file a petition for review.

8

9       On March 13, 2007, Petitioner signed the present Petition, which

10  was filed on March 27, 2007.   In the meantime, on March 16, 2007,

11  Petitioner filed a habeas corpus petition in the California Supreme

12  Court (Respondent's Lodgment G).[1]   The California Supreme Court denied

13  that petition on July 18, 2007.   See In re Curiel, 2007 Cal. LEXIS

14  7833 (Cal. July 18, 2007).[2]

15

16                              **DISCUSSION**

17

18       For the reasons discussed below, the Petition should be denied

19  and dismissed with prejudice.

20  ///

21  ///

22  _____

23       [1]   The copy of Petitioner's California Supreme Court
    petition lodged by Respondent does not bear a file date stamp.
24  However, the Court takes judicial notice of the California
    Supreme Court's docket in In re Curiel, California Supreme Court
25  case number S151005.   See Mir v. Little Company of Mary Hosp.,
    844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice
26  of court records).   The docket shows Petitioner filed that
    petition on March 16, 2007.
27
28       [2]   Hence, Petitioner's Application for a Stay should be
    denied as moot.

                                    3

1    The "Antiterrorism and Effective Death Penalty Act of 1996"

2    ("AEDPA"), signed into law April 24, 1996, amended 28 U.S.C. section

3    2244 to provide a one-year statute of limitations governing habeas

4    petitions filed by state prisoners:

5

6        (d)(1) A 1-year period of limitation shall apply to an

7        application for a writ of habeas corpus by a person in

8        custody pursuant to the judgment of a State court.  The

9        limitation period shall run from the latest of –

10

11       (A) the date on which the judgment became final by the

12       conclusion of direct review or the expiration of the time

13       for seeking such review;

14

15       (B) the date on which the impediment to filing an

16       application created by State action in violation of the

17       Constitution or laws of the United States is removed, if

18       the applicant was prevented from filing by such State

19       action;

20

21       (C) the date on which the constitutional right asserted was

22       initially recognized by the Supreme Court, if the right has

23       been newly recognized by the Supreme Court and made

24       retroactively applicable to cases on collateral review; or

25

26       (D) the date on which the factual predicate of the claim or

27       claims presented could have been discovered through the

28       exercise of due diligence.

1     (2) The time during which a properly filed application for

2     State post-conviction or other collateral review with

3     respect to the pertinent judgment or claim is pending shall

4     not be counted toward any period of limitation under this

5     subsection.

6

7     Because Petitioner did not file a petition for review in the

8 California Supreme Court, his conviction became final on February 19,

9 2006, the fortieth day after the January 10, 2006 filing of the Court

10 of Appeal's decision. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th

11 Cir. 2002). Thus, the statute began to run on February 20, 2006,

12 unless subsections B, C or D of 28 U.S.C. section 2244(d)(1) apply in

13 the present case. See 28 U.S.C. § 2244(d)(1)(A); Smith v. Bowersox,

14 159 F.3d 345, 347-48 (8th Cir. 1998), cert. denied, 525 U.S. 1187

15 (1999); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999),

16 cert. denied, 529 U.S. 1104 (2000) (AEDPA statute of limitations is

17 not tolled between the conviction's finality and the filing of the

18 first state collateral challenge).

19

20     Subsection B of 28 U.S.C. section 2244(d)(1) has no application

21 in the present case. Petitioner does not allege, and this Court

22 finds no indication, that any illegal state action prevented

23 Petitioner from filing the present Petition sooner.

24

25     Subsection C of 28 U.S.C. section 2244(d)(1) also has no

26 application in the present case. Petitioner does not rely upon any

27 "retroactively applicable" constitutional right "newly recognized" by

28 the United States Supreme Court.

1    Application of subsection D of 28 U.S.C. section 2244(d)(1) does

2  not furnish a date later than February 20, 2006, for commencement of

3  the one-year period of limitations with respect to most of

4  Petitioner's claims.  Petitioner has failed to allege, and it fails

5  to appear, that Petitioner could not have discovered by February 20,

6  2006, through the exercise of "due diligence," the factual predicates

7  for his claims alleging the unconstitutional use of hearsay and the

8  insufficiency of the evidence.  Indeed, the factual predicates for

9  those claims were evident during Petitioner's trial.  See Hasan v.

10  Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (petitioner need not

11  "understand the legal significance" of the facts, rather than "simply

12  the facts themselves," before the "clock starts ticking").

13

14    With respect to Petitioner's claims of ineffective assistance of

15  appellate counsel, Petitioner learned of the factual predicates

16  underlying his claims that counsel allegedly abandoned Petitioner

17  during the appeal and failed to notify Petitioner of the Court of

18  Appeal's disposition no later than the date Petitioner received the

19  "re-sent" opinion of the Court of Appeal.[3]  Even assuming, arguendo,

20  it took a week or two for the "re-sent" opinion to reach Petitioner

21  after it was mailed out on January 27, 2006, Petitioner still learned

22  of that opinion prior to February 20, 2006.  Hence, the accrual date

23  for these claims of ineffective assistance of appellate counsel was

24  February 20, 2007.

25  ///

26  ///

27  _____

28    [3]    See pages 9-11, infra, for a discussion of the
     "re-sending" of the Court of Appeal's opinion.

1    Petitioner also has alleged that his appellate counsel failed to

2    file a petition for review and failed to notify Petitioner of his

3    right to do so.   Petitioner does not allege, and the record does not

4    show, the exact date of appellate counsel's alleged failure to file a

5    petition for review and to notify Petitioner of his right to do so.

6    The earliest Petitioner could have learned of these alleged failures

7    would have been a date after the expiration of the forty-day period

8    for filing a petition for review on February 19, 2007 (which could

9    have been as early as February 20, 2007).   In any event, the Court

10   need not determine whether Petitioner's claims that appellate counsel

11   failed to file a petition for review and failed to notify Petitioner

12   of his right to do so accrued at some date later than February 20,

13   2007.   Even assuming, _arguendo_, the accrual date was late enough to

14   render these claims timely, the claims are so lacking in merit that

15   the claims should be denied summarily.

16

17   No constitutional right to counsel exists in connection with a

18   petition for review to the California Supreme Court.   See

19   Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (no constitutional

20   right to counsel in discretionary proceedings or habeas proceedings;

21   "the right to appointed counsel extends to the first appeal of right,

22   and no further"); Wainwright v. Torna, 455 U.S. 586, 587-88 (1982)

23   (no constitutional right to counsel when pursuing discretionary state

24   appeal); Ross v. Moffitt, 417 U.S. 600, 617-18 (1974) (no

25   constitutional right to counsel for discretionary state appeals or

26   certiorari petitions); Foster v. Garcia, 2006 WL 3392750, at *27

27   (E.D. Cal. Nov. 21, 2006), adopted, 2007 WL 173770 (E.D. Cal.

28   Jan. 19, 2007) ("Because the right to counsel extends only to the

1   first appeal of right, counsel was not and could not have been

2   ineffective for failing to file a petition for review . . . [in] the

3   California Supreme Court, as review by that court is discretionary,

4   to which no right of counsel attaches. [citations].”); see also

5   Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied,

6   479 U.S. 867 (1986) (“the sixth amendment right to counsel does not

7   apply in habeas corpus actions”).  Consequently, Petitioner cannot

8   predicate a claim of ineffective assistance of counsel on any action

9   or omission of counsel following the Court of Appeal’s affirmance.

10  Id.  Therefore, Petitioner’s claims that counsel was ineffective for

11  failing to file a petition for review and for failing to notify

12  Petitioner of his right to do so are manifestly without merit.

13

14      With respect to all of Petitioner’s other claims, the statute of

15  limitations began to run on February 20, 2006 and expired on

16  February 20, 2007.  See Patterson v. Stewart, 251 F.3d 1243, 1246

17  (9th Cir.), cert. denied, 534 U.S. 978 (2001).  Petitioner did not

18  sign the present petition until March 13, 2007.[4]  Therefore, absent

19  tolling, the present Petition appears untimely.

20

21      Petitioner argues his conviction did not become final on

22  February 19, 2006.  Petitioner contends that the Court of Appeal did

23

24      [4]   A federal habeas petition filed by a prisoner
25  proceeding pro se is deemed filed when presented to prison
    authorities for mailing.  See Saffold v. Newland, 250 F.3d 1262,
26  1268 (9th Cir. 2000), vacated on other grounds, 536 U.S. 214
    (2002).  Here, Petitioner is not proceeding pro se.  However,
27  as the ensuing discussion demonstrates, the Petition is untimely
    even if the Court were to give Petitioner the benefit of a
28  March 13, 2007 filing date.

8

1  not file its decision until February 7, 2006.  If Petitioner is

2  correct, the Petition is timely.  However, Petitioner is not correct.

3

4       The docket sheet presently available on the Court of Appeal's

5  website[5] clearly indicates that the Court of Appeal's opinion was

6  filed on January 10, 2006.  The docket sheet also contains two

7  entries dated January 27, 2006: (1) an entry stating "Modified

8  criminal address," with the notation "Per Dept. of Corrections; aplt

9  formerly at County Jail"; and (2) an entry stating "Mail returned and

10 re-sent," with the notation "Aplt's copy of opinion; re-sent to aplt

11 at High Desert State Prison."

12

13      Petitioner references, and Respondent has lodged, a copy of the

14 Court of Appeal's docket sheet "as of 6/11/07," which does not

15 contain any entry for January 10, 2006 (Respondent's Lodgment F).

16 This docket sheet does contain the January 27, 2006 entries

17 indicating that a copy of the Court of Appeal's opinion was "re-sent"

18 to Petitioner at his prison address.  However, the document also

19 states that the Court of Appeal's opinion was filed on February 7,

20 2006.  Yet, on the third page of the document, under the heading

21 "CASE DISPOSITION/JUDGES PANEL INFORMATION," the document states, in

22 pertinent part: "Disposition: Affirmed in full [¶] Date: 01/10/06 [¶]

23 Status: Final Disposition" (Respondent's Lodgment F) (emphasis

24 added).

25 _____

26      [5]   The Court takes judicial notice of the docket in People
   v. Curiel, California Court of Appeal, Second Appellate District,
27 Division 3, case number B177695, available on the California
   courts' website at www.courtinfo.ca.gov.  See Mir v. Little
28 Company of Mary Hosp., 844 F.2d at 649.

9

1   From this internally inconsistent and now superseded docket

2   sheet, Petitioner speculates: "although it appears the Court of

3   Appeals' Opinion was originally filed on January 10, 2006, it also

4   appears that due to lack of notice to petitioner, the Court of Appeal

5   withdrew the filing and re-filed the Opinion on February 7, 2006"

6   (Reply, p. 1).  Petitioner's speculation, made in the absence of

7   evidence or citation to authority, is demonstrably inaccurate.

8

9   Former Rule 24 of the California Rules of Court, applicable at

10   the time of the Court of Appeal proceedings discussed here, provided:

11   "All decisions of the reviewing courts shall be filed with the clerk,

12   who shall forthwith transmit a copy of the opinion to the lower court

13   or tribunal and to the parties."[6]  The Rule does not indicate that an

14   opinion so filed is subject to withdrawal in the event a copy of the

15   opinion is sent to, but does not reach, a party otherwise represented

16   by counsel.  The document upon which Petitioner relies (the now-

17   superseded docket sheet) does not indicate that the Court of Appeal

18   withdrew its opinion filed on January 10, 2006 because of any

19   purported lack of notice to Petitioner or otherwise.  Moreover,

20   Petitioner was represented by counsel on appeal, and there is no

21   indication Petitioner's counsel failed to receive notice of the Court

22   of Appeal's January 10, 2006 decision.  The most reasonable

23   explanation of the document is that the February 7, 2006 entry was

24   simply in error.  The correctness of this explanation is evidenced by

25   the third page of the document, which clearly indicates that the

26   Court of Appeal's final disposition occurred on January 10, 2006, and

27   _____

28   [6]   Effective January 1, 2007, Rule 24 was amended and
renumbered as Rule 8.264.

by the fact that the opinion available on Westlaw bears a date of January 10, 2006. <u>See People v. Curiel</u>, 2006 WL 44454 (Cal. Ct. App. Jan. 10, 2006). Furthermore, in the present version of the docket sheet, the Court of Appeal has corrected the error of the February 7, 2006 entry.

Therefore, contrary to Petitioner's contention, the record shows that the Court of Appeal filed its decision on January 10, 2006. The statute of limitations commenced running on February 20, 2006 and expired on February 20, 2007. Absent tolling, the Petition is untimely.

Section 2244(d)(2) tolls the statute during the pendency of "a properly filed application for State post-conviction or other collateral review." The earliest possible date Petitioner could be deemed to have filed his California Supreme Court habeas petition is the date Petitioner's counsel signed that petition, March 13, 2007,[7] which was weeks after the February 20, 2007 expiration of the statute of limitations. The filing of a state petition after the expiration of the statute cannot toll the statute. <u>See Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir.), <u>cert. denied</u>, 540 U.S. 924 (2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); <u>Jiminez</u>

_____

[7]   <u>See Stillman v. LaMarque</u>, 319 F.3d 1199, 1201-02 (9th Cir. 2003) (applying prison mailbox rule to determine date of filing of state habeas petition). Although Petitioner was not proceeding <u>pro se</u> in the California Supreme Court, even if the Court were to deem the California Supreme Court petition to have been filed on the date Petitioner's counsel signed it, March 13, 2007, the present federal Petition still would be untimely.

1  v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S.

2  949 (2003) (filing of state habeas petition "well after the AEDPA

3  statute of limitations ended" does not affect the limitations bar);

4  Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), cert. denied, 531

5  U.S. 991 (2000) ("[a] state-court petition . . . that is filed

6  following the expiration of the limitations period cannot toll that

7  period because there is no period remaining to be tolled"); see also

8  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied,

9  529 U.S. 1104 (2000) (statute of limitations is not tolled between

10  conviction's finality and the filing of the first state collateral

11  challenge).   Therefore, statutory tolling does not rescue the

12  Petition from the bar of limitations.

13

14        The Ninth Circuit permits equitable tolling of the statute of

15  limitations "if 'extraordinary circumstances beyond a prisoner's

16  control make it impossible to file a petition on time.'"  See Spitsyn

17  v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted); see

18  also Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (assuming,

19  without deciding, that equitable tolling could apply to habeas

20  statute of limitations set forth in 28 U.S.C. section 2244(d); Pace

21  v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005) (same).  "Generally, a

22  litigant seeking equitable tolling bears the burden of establishing

23  two elements: (1) that he has been pursuing his claims diligently,

24  and (2) that some extraordinary circumstance stood in his way."  Pace

25  v. DiGuglielmo, 544 U.S. at 418 (citation omitted); see also Lawrence

26  v. Florida, 127 S. Ct. at 1085.  Petitioner must show that the

27  alleged "extraordinary circumstances" were the "cause of [the]

28  untimeliness."  Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006),

12

1 | <u>cert. denied</u>, 127 S. Ct. 1880 (2007) (quoting <u>Spitsyn v. Moore</u>, 345
2 | F.3d at 799). A court "cannot arbitrarily pick a number of days or
3 | weeks to toll based on some generalized problem or difficulty a
4 | petitioner has encountered." <u>Nguyen v. Hickman</u>, 2001 WL 58969, at *2
5 | (N.D. Cal., Jan. 11, 2001). "Rather, equitable tolling depends on a
6 | specific showing by a petitioner that a particular problem prevented
7 | him from meeting the deadline for a particular amount of time." <u>Id.</u>
8 | Moreover, Petitioner must show that he exercised reasonable diligence
9 | in attempting to file a federal habeas petition after the alleged
10 | extraordinary circumstances began. <u>See</u> <u>Pace</u>, 544 U.S. at 418; <u>Roy v.</u>
11 | <u>Lampert</u>, 465 F.3d at 970-71.

12 |

13 |    Petitioner does not argue for equitable tolling. In any event,
14 | for the reasons discussed below, the circumstances of this case
15 | cannot support equitable tolling.

16 |

17 |    In her declaration filed in support of the Motion for a Stay,
18 | Petitioner's present counsel alleges that Petitioner's appellate
19 | counsel never notified Petitioner of the Court of Appeal's
20 | disposition of the appeal, and never sent Petitioner any documents,
21 | transcripts or files from Petitioner's case (Declaration of Tara K.
22 | Allen in Support of Motion for a Stay ["Allen Dec."], ¶ 2). Counsel
23 | states that, in February of 2007, Petitioner's family began looking
24 | for an attorney, and that counsel discussed the case "in mid-
25 | February, 2007" with Petitioner's sister (<u>id.</u>, ¶¶ 2-3). Counsel
26 | states that Petitioner's family paid counsel a retainer "[b]y early
27 | March" to review the record and proceed with a federal habeas
28 | petition (<u>id.</u>, ¶ 3). By March of 2007, the statute of limitations

1 | already had expired, although counsel may have believed, erroneously,
2 | that the statute of limitations would not expire until March 20, 2007
3 | (id., ¶ 2, n.1).  Counsel also states in her declaration that, at the
4 | time she accepted representation, she did not have the record except
5 | for the Court of Appeal's docket sheet and unpublished opinion, and
6 | that "some time was spent gathering the record from different
7 | sources, this task is on-going [sic]" (id., ¶ 4).

8 |

9 |     It appears from counsel's declaration that by the time
10 | Petitioner's family contacted counsel, the statute of limitations
11 | either had expired or its expiration was imminent.  To the extent
12 | counsel might assert she was misled by the apparent error in the
13 | Court of Appeal's docket into believing the statute of limitations
14 | would not expire until March 20, 2007, any such allegation would not
15 | justify equitable tolling.  Counsel was on notice that January 10,
16 | 2006 was the correct date of the Court of Appeal's decision.  Counsel
17 | admits she had a copy of the Court of Appeal's decision (also
18 | available on Westlaw), which reflected the January 10, 2006 date of
19 | the opinion.  Moreover the third page of the now superseded docket
20 | sheet also stated that the date of the opinion was January 10, 2006.
21 | Any failure of counsel to investigate and identify the correct date
22 | constituted the sort of ordinary attorney negligence that cannot
23 | justify equitable tolling.  See Lawrence v. Florida, 127 S. Ct. at
24 | 1085 ("Attorney miscalculation is simply not sufficient to warrant
25 | equitable tolling, particularly in the postconviction context where
26 | prisoners have no constitutional right to counsel [citation].");
27 | Miranda v. Castro, 292 F.3d 1063, 1066-68 (9th Cir.), cert. denied,
28 | 537 U.S. 1003 (2002) (federal habeas attorney's miscalculation of

```
 1  limitations period did not constitute "extraordinary circumstances"
 2  warranting equitable tolling); Frye v. Hickman, 273 F.3d 1144, 1146
 3  (9th Cir. 2001), cert. denied, 535 U.S. 1055 (2002) (same); see also
 4  Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (citation
 5  and footnote omitted) ("[R]outine instances of attorney negligence do
 6  not constitute an 'extraordinary circumstance' that requires
 7  equitable tolling."); compare Spitsyn v. Moore, 345 F.3d at 801 (9th
 8  Cir. 2003) (retained habeas counsel's misconduct in failing to file
 9  timely federal habeas petition despite having a year to do so, and
10  counsel's disregard of numerous requests by petitioner and his mother
11  to file federal petition, "sufficiently egregious" as to warrant
12  equitable tolling).
13
14       Neither has Petitioner shown any circumstances prior to the time
15  present counsel was retained which might warrant equitable tolling.
16  Petitioner provides no explanation for his delay in retaining habeas
17  counsel.  Although Petitioner's present counsel states that
18  Petitioner's appellate counsel failed to inform Petitioner of the
19  Court of Appeal's decision, neither Petitioner nor his present
20  counsel denies that Petitioner received the copy of the Court of
21  Appeal's opinion which was "re-sent" to Petitioner at the High Desert
22  State Prison on January 27, 2006.  Even assuming, arguendo, it took a
23  week or two for the "re-sent" opinion to reach Petitioner, Petitioner
24  still had a full year thereafter to file his federal habeas petition.
25  Petitioner's present counsel alleges that Petitioner's appellate
26  counsel never sent Petitioner documents, transcripts or files from
27  Petitioner's case.  However, there is no evidence that, prior to the
28  expiration of the limitations period, Petitioner made any effort to
```

1 | obtain those documents, transcripts and files from appellate counsel,
2 | or ever attempted to enlist the assistance of the state courts or the
3 | California State Bar to do so.[8]  Moreover, the Court of Appeal's
4 | opinion, which Petitioner does not deny he received in early 2006,
5 | afforded Petitioner sufficient information concerning his hearsay
6 | claim and insufficiency of the evidence claim to enable Petitioner to
7 | prepare a California Supreme Court petition (and a federal habeas
8 | petition) containing those claims.  Furthermore, there is no reason
9 | Petitioner could not have added a claim of ineffective assistance of
10 | appellate counsel based on his own knowledge of appellate counsel's
11 | asserted derelictions.  Therefore, Petitioner has failed to show
12 | either diligence in pursuing his claims or the existence of any
13 | "extraordinary circumstances" beyond his control warranting equitable
14 | tolling.
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///

_____

[8]      Present counsel attached to Petitioner's California
Supreme Court habeas petition a copy of counsel's letter to the
State Bar, dated March 5, 2007, complaining that appellate
counsel had not turned over to Petitioner the file or records
from Petitioner's case (see Respondent's Lodgment G, Exs. B, C).
By the time counsel authored this letter of complaint, the
statute of limitations had expired.

**RECOMMENDATION**

For the reasons discussed above, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) denying Petitioner's application for a stay as moot; and (3) denying and dismissing the Petition with prejudice.


DATED:   August 8, 2007.


_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

17

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.